UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

JS-6

| | |
|---|---|
| The Bank of New York Mellon FKA The Bank of New York, etc.,<br><br>              Plaintiff,<br><br>      v.<br><br>Ruben A. Oropeza, et al.,<br><br>              Defendant. | EDCV16-1058-VAP<br><br>**ORDER REMANDING CASE** |

      On January 26, 2015, Plaintiff The Bank of New York Mellon FKA the Bank of New York, as Trustee for Certificates Holders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-3 ("Bank of New York") filed a Complaint in the California Superior Court for the County of San Bernardino for Unlawful Detainer against Defendant Ruben A. Oropeza ("Defendant"), in case number UDFS 15100644.  (See Ex. A to Not. of Removal (Doc. No. 1).)  On May 23, 2016, Defendant, appearing pro se, removed the action to this Court on the basis of federal question jurisdiction, asserting that Bank of New York violated the Protecting Tenants at Foreclosure Act of 2009.  (See Not. of Removal.)  The Court REMANDS this Action to state court.

## I.  REMOVAL JURISDICTION

Removal jurisdiction is governed by statute.  See 28 U.S.C. §1441.  The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank, 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court.").  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction"); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Defendant alleges the basis for removal is federal question, pursuant to the Protecting Tenants at Foreclosure Act of 2009.  From the face of the Complaint, however, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (holding that a defendant may not remove a case to federal court unless the basis for federal jurisdiction is apparent on the face of the complaint).

Defendant argues that The Bank of New York's unlawful detainer action is based "upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009,' 12 U.S.C. § 5201."  (Notice of Removal at 2.)

Specifically, Defendant contends that Bank of New York violated the PTFA by filing a state eviction proceeding before allowing 90 days to lapse. (Id.) Accordingly, Defendant contends that the Bank of New York's violation of federal law confers this Court with federal question jurisdiction.

Section 1331 confers jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of a federal defense (by itself) does not, however, raise a federal question; it is therefore an insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently cannot support removal of an action. <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 393 (1987).

Defendant has not met their burden of establishing that the case is properly in federal court. <u>Gaus</u>, 980 F.2d at 566. Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

The Court cautions Defendant that future attempts to remove this action may be grounds for monetary sanctions.

Accordingly, the Court REMANDS this matter to the California Superior Court for the County of San Bernardino.

**IT IS SO ORDERED.**

Dated:  5/27/16

Virginia A. Phillips
United States District Judge